UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BENSON MILLS, INC.,<br><br>              Plaintiff(s),<br>  v.<br><br>CAIRONG GUANG,<br><br>              Defendant(s). | CASE NO. 2:22-cv-01487-TL<br><br>ORDER TO SHOW CAUSE |

This is a copyright infringement action. This matter comes before the Court *sua sponte*, on review of the record.

Plaintiff filed this action on October 20, 2022. Dkt. No. 1. Summons were issued on October 21. Dkt. No. 3. No proof of service was filed, and no Defendant has appeared in this action. Plaintiff filed an amended complaint on October 28. Dkt. No. 7. There has been no activity in the case since then.

Federal Rule of Civil Procedure 4(m) provides that, "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, this

provision "does not apply to service in a foreign country . . . ." Fed. R. Civ. P. 4(m). The Court may also dismiss a case for a plaintiff's failure to prosecute their case. *See Ash v. Cvetkov*, 739 F.2d 493, 496–97 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution."); *see also* Fed. R. Civ. P. 41(b) (involuntary dismissal where a plaintiff fails to prosecute).

More than 90 days have transpired since the Amended Complaint was filed, and no proof of service, no appearance of Defendant, or other indication of service has been filed. It may be that the 90-day limit does not apply here because Defendant appears to reside in China. Dkt. No. 7 at 2. But a plaintiff does not have "an unlimited time" for service of process in a foreign country, and the Court may set a reasonable time limit to accomplish such service. *See, e.g.*, *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 153 F. Supp. 3d 1291, 1320 (W.D. Wash. 2015) (expressing concerns about failure to serve foreign party and setting a deadline for such service). Plaintiff has also taken no substantive steps to pursue its case since filing this action that the Court can discern.

Accordingly, Plaintiff is DIRECTED to SHOW CAUSE, **within fourteen (14) days** of this Order, why this case should not be dismissed without prejudice for failure to serve process or for failure to prosecute. In the case that Plaintiff argues that the 90-day time limit of Rule 4(m) does not apply, Plaintiff shall provide an update of its efforts to serve Defendant and a date certain by which Plaintiff expects such service to be completed.

Dated this 14th day of February 2023.

Tana Lin
United States District Judge